UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| KAIS JABRANI, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) ) **JURY TRIAL DEMANDED** ) |
| v. | ) ) |
| MILES ENTERPRISES, INC., JMRMJ PIZZA LIMITED LIABILITY COMPANY, and DOES 1-25, | ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff Kais Jabrani, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants together have operated approximately 26 Domino's franchise stores in New Jersey and Pennsylvania during times relevant.

2. Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal and New Jersey minimum wages during some or all workweeks.

3. Defendants also require their delivery drivers to pay for their own distinctive Domino's logoed jackets. Such charges further reduce their net wages below the minimum wage.

4. Plaintiff Kais Jabrani brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the New Jersey Minimum Wage Law ("NJMWL"), N.J. Stat. Ann. § 34:11-56a *et seq.*, to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendants at their Domino's stores.

## Jurisdiction and Venue

5. The FLSA authorizes court actions by private parties to recover damages for violation of their wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

6. The NJMWL authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's NJMWL claim is based on N.J. Stat. Ann. § 34:11-56a25 and 28 U.S.C. § 1367 (pendent claims).

7. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants maintain their principal place of business in Haddonfield, New Jersey, which is located within this District, Defendants operate Domino's franchise stores in this District, Defendants employ Plaintiff in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

**Parties**

8. Defendant Miles Enterprises, Inc. is a New Jersey corporation which has, together with all the other Defendants, operated a chain of Domino's franchise stores, including stores located within the District of New Jersey during times relevant.

9. Defendant JMRMJ Pizza Limited Liability Company is a New Jersey limited liability company which has, together with the other Defendants, operated a chain of Domino's franchise stores, including stores located within the District of New Jersey during times relevant.

10. Does 1 through 25 inclusive are to be identified later through discovery as entities which, together with the other Defendants, form a single enterprise and / or constitute joint employers under the FLSA and / or New Jersey law.

11. Defendants constitute joint employers as they share authority to hire and fire the relevant employees; share authority to promulgate work rules and assignments and to set the employees' conditions of employment including compensation, benefits, work schedules, and rates and methods of payment; share involvement in day-to-day employee supervision, including employee discipline; and share actual control of employee records, such as payroll, insurance, or taxes.

12. Alternatively, Defendants constitute a "single employer" or "single integrated enterprise" as they share interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.

13. Plaintiff Kais Jabrani has been employed by Defendants from approximately September 2011 to present as a delivery driver at their Domino's store in Burlington, New Jersey, which is located within the Camden Division of the District of New Jersey. Plaintiff Jabrani's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

14. During the recovery period, Defendants have owned and operated approximately 26 Domino's franchise stores in New Jersey and Pennsylvania.

15. Each of Defendants' stores employs delivery drivers (hereinafter collectively "Delivery Drivers.").

16. Defendants' Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendants' customers using their personal automobiles.

*Defendants' Flawed Reimbursement Policy*

17. Defendants require their Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

18. Defendants' Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

19. Defendants' Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis that results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' Delivery Drivers.

20. The result of Defendants' Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their Delivery Drivers' automobile expenses.

21. During the applicable FLSA and NJMWL limitations periods, the IRS business mileage reimbursement rate has ranged between $.54 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

22. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' Delivery Drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

23. Defendants' reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendants uniformly fail to reimburse their Delivery Drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

24. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendants.

25. Defendants fail to reasonably approximate the amount of their Delivery Drivers' automobile expenses to such an extent that their Delivery Drivers' net wages are diminished beneath the federal minimum wage and diminished even further below New Jersey's minimum wage.

26. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

27. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and New Jersey minimum wages.

6

28. Plaintiff Jabrani has been paid the exact applicable New Jersey minimum wage, including a tip credit.

29. The federal minimum wage has been $7.25 per hour since July 24, 2009. 29 U.S.C. § 206(a).

30. New Jersey's minimum wage was $7.25 per hour from the beginning of the recovery period through the end of 2013, was $8.25 per hour in 2014, and has been $8.38 per hour since 2015.  N.J. Stat. Ann. § 34:11-56a4; N.J.A.C. §§ 12:56-3.1 & 12:56-14.2.

31. During Plaintiff Jabrani's employment by Defendants, the per-delivery reimbursement rate at the store where he has worked has been approximately $.90 per delivery.

32. During his employment with Defendants, Plaintiff Jabrani's has experienced an average delivery distance of approximately 5 miles per delivery.

33. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Jabrani has been approximately $.18 per mile ($.90 per delivery / 5 average miles per delivery) or less.

34. During the longest applicable recovery period, the lowest IRS business mileage reimbursement rate has been $.54 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff Jabrani's automobile expenses, every mile driven on the job decreases his net wages by approximately $.36 ($.54 - $.18) per mile. Considering

7

Plaintiff Jabrani's estimate of at least 5 average miles per delivery, Defendants have under-reimbursed him about $1.80 per delivery ($.36 x 5 miles) or more.

35. During his employment by Defendants as a Delivery Driver, Plaintiff Jabrani has typically averaged approximately 2 deliveries per hour.

36. Thus, Plaintiff Jabrani consistently "kicked back" to Defendants approximately $3.60 per hour ($1.80 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.78 ($8.38 per hour - $3.60 kickback) or less.

37. All of Defendant's Delivery Drivers had similar experiences to those of Plaintiff Jabrani. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable federal or state minimum wage before deducting unreimbursed business expenses.

38. Because Defendants paid their Delivery Drivers a gross hourly wage very close to the applicable minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

39. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all Delivery Drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-

reimbursements relative to automobile costs incurred are relatively consistent between time and region.

40. The net effect of these policies is that Defendants willfully fail to pay the federal and New Jersey minimum wages to their Delivery Drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

*Defendants' Failure to Reimburse for Uniform Items*

41. Defendants require their Delivery Drivers to wear uniforms on the job in clean and presentable condition, including Domino's distinctive logoed jackets, so that those Delivery Drivers' appearance reflects the desired company branding and image.

42. Defendants require their Delivery Drivers to purchase their own Domino's logoed jackets from Defendants.

43. During his employment, Plaintiff has purchased a Domino's logoed jacket from Defendants for approximately $25.00.

44. Defendants have similarly charged their other Delivery Drivers for such uniform items.

45. Defendants have not reimbursed their Delivery Drivers for the purchase cost of such uniform items.

46. Because Plaintiff was paid exactly the minimum wage, before deducting unreimbursed vehicle costs and the purchase price of the uniform items, the cost of those uniform items has further caused minimum wage deficiencies.

47. On information and belief, all of Defendant's Delivery Drivers had similar experiences to those of Plaintiff. They were subject to the same or substantially similar charges for uniform items, they were paid at or near the minimum wage before deducting the cost of unreimbursed vehicle expenses and uniforms, and Defendants have not reimbursed them for the cost of their uniforms.

## Class and Collective Action Allegations

48. Plaintiff brings Count I as an "opt-in" collective action claim on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

50. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential plaintiffs may be notified of the pendency of this action via mail.

51. Plaintiff and all of Defendants' Delivery Drivers are similarly situated in that:

   a. They have worked as Delivery Drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

10

  c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

  d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

  e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

  f. They were subject to the same pay policies and practices of Defendants;

  g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

  h. They were reimbursed similar set amounts of automobile expenses per delivery;

  i. They have been required to purchase uniform items; and

  j. They were paid near the federal and state minimum wage before deducting unreimbursed business expenses and the cost of uniform items.

52. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former Delivery Drivers employed by Defendants in the State of New Jersey since the date two years preceding the filing of this Complaint.

53. Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

54. Plaintiff's state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

55. The Class sought in Count II satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

56. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

   a. Whether they have worked as Delivery Drivers for Defendants delivering pizza and other food items to Defendants' customers;
   b. Whether they have delivered pizza and food items using automobiles not owned or maintained by Defendants;
   c. Whether Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;
   d. Whether they incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;
   e. Whether they were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;
   f. Whether they were subject to the same pay policies and practices of Defendants;
   g. Whether they were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate

  reimbursements, resulting in wages below the New Jersey minimum wage in some or all workweeks;

 h. Whether they were reimbursed similar set amounts of automobile expenses per delivery;

 i. Whether they incurred the cost of purchasing uniform items; and

 j. Whether they were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

57. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

58. Plaintiff's claim is typical of those of the Class sought in Count II in that:

 a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendant's customers;

 b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

 c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

 d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

 e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

 f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

    g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the New Jersey minimum wage in some or all workweeks;

    h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery;

    i. Plaintiff and the Class purchased uniform items; and

    j. Plaintiff and the Class were paid at similar wage rates before deducting unreimbursed vehicle expenses and uniform item purchases.

59. Plaintiff is an adequate representative of the Class sought in Count II because he is a member of that Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

60. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member

of the Class, and there are no material difficulties impairing the management of a class action.

61. It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: Violation of the FLSA

62. Plaintiff reasserts and re-alleges the allegations set forth above.

63. At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

64. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

65. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

66. Defendants are subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

67. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

68. As alleged herein, Defendants have reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

69. Further, as alleged herein, Defendants have failed to reimburse Delivery Drivers for the cost of uniform items which further results in minimum wage deficiencies.

70. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

71. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

72. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendants' stores.

73. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

74. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

75. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II: Violation of the NJMWL

76. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the NJMWL, N.J. Stat. Ann. § 34:11-56a *et seq*.

77. The NJMWL exempts certain categories of employees from New Jersey's minimum wage obligations, but none of those exemptions apply to Plaintiff or other similarly situated Delivery Drivers. N.J. Stat. Ann. § 34:11-56a4.

78. New Jersey law regulates, among other things, the payment of minimum wage by employers who employ any person in New Jersey. *Id.*; N.J.A.C. §§ 12:56-3.1 & 12:56-14.2.

79. During all times relevant to this action, Defendants were the "employer" of Plaintiff and the Class within the meaning of the NJMWL. N.J. Stat. Ann. § 12:56-2.1.

80. During all times relevant to this action, Plaintiff and the Class were "covered employees" and Defendant's "employees" within the meaning of the NJMWL. *Id.*

18

81. New Jersey employees have been entitled to be compensated at a rate of at least $7.25 per hour from the beginning of the recovery period through the end of 2013, at least $8.25 in 2014, and at least $8.38 per hour since 2015.  N.J. Stat. Ann. § 34:11-56a4; N.J.A.C. §§ 12:56-3.1 & 12:56-14.2.

82. As alleged herein, Defendants have failed to pay their Delivery Drivers in New Jersey the minimum wage required by the NJMWL after deduction of unreimbursed vehicle expenses incurred in performing their jobs for Defendants.

83. Further, as alleged herein, Defendants have failed to reimburse Delivery Drivers for the cost of uniform items which further results in minimum wage deficiencies.

84. Defendants, pursuant to their policy and practice, violated the NJMWL by refusing and failing to pay New Jersey's minimum wage to Plaintiff and the Class.

85. Plaintiff and the Class are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case.  N.J. Stat. Ann. § 34:11-56a25.

86. Plaintiff and the Class are entitled to recover their reasonable attorneys' fees and costs in pursuing the claim.  *Id.*

87. Plaintiff and the Class are entitled to pre-judgment and post-judgment interest as provided by law.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) costs of litigation and attorney's fees as provided by law; (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:	May 9, 2016	Respectfully submitted,

**PAUL McINNES LLP**
Jack D. McInnes (MO Bar #56904)
(*pro hac vice* forthcoming)
601 Walnut Street, Suite 300
Kansas City, Missouri  64106
Telephone:	(816) 984-8100
Facsimile:	(816) 984-8101
mcinnes@paulmcinnes.com

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLC**
*/s/ Kenneth B. Fromson*
Kenneth B. Fromson (NJ ID# 056201994)
Jeremiah Frei-Pearson (NY ID# 4232922)
(*pro hac vice* forthcoming)
445 Hamilton Ave., Suite 605
White Plains, New York 10601
Telephone:  (914) 298-3281
Kfromson@lawampm.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(E.D. Mo. Bar # 41315MO)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:	(314) 997-9150
Facsimile:	(314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**